FILED
2025 Dec-05 AM 09:25
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRCIT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES MCMULLIN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | CIVIL ACTION NO.: |
| v. ) | |
| ) | JURY DEMAND |
| UNITED PIPE & STEEL CORP. AND, ) | |
| RELIANCE, INC., ) | |
| ) | |
| DEFENDANTS. ) | |

---

## COMPLAINT

---

## I. JURISDICTION

1.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, 1343(4). This is a suit authorized and instituted pursuant to the "Americans with Disabilities Act," the "ADA Amendments Act" (hereinafter referred to as "ADA/ADAAA"), Title VII of the Civil Rights Act of 1964, as amended and 42 U.S.C. § 1981, as amended. The jurisdiction of this court is invoked to secure protection for and to redress the deprivation of rights secured by the ADA, the ADAAA, Title VII and 42 U.S.C. § 1981, providing injunctive and other relief against disability and race discrimination and retaliation.

## II. PARTIES

2.      Plaintiff, James McMullin, ("Plaintiff") is a citizen of the United States and is a resident of Irondale, Alabama.

3.      Defendant, United Pipe & Steep Corp., ("United Pipe") is a foreign corporation doing business in the state of Alabama and is a wholly owned subsidiary of Reliance, Inc.

4.      Defendant Reliance, Inc., ("Reliance"), is a foreign corporation doing business in Alabama.

5.      At all times relevant to this action, Defendants United Pipe and Reliance have maintained and operated a business in Birmingham, Alabama. Defendants are engaged in an industry affecting commerce and have fifteen (15) or more employees and are employers within the meaning of the ADA, the ADAAA, and Title VII.

## III. ADMINISTRATIVE PROCEDURES

6.      Plaintiff hereby adopts and realleges paragraphs one (1) through five (5) herein above as if fully set forth herein.

7.      Plaintiff brings this action for the unlawful employment practices and acts of intentional discrimination by his employer, Defendants United Pipe and Reliance.

8.      This action seeks to redress unlawful employment practices resulting from the acts of Defendants, their agents, servants, and employees committed with respect to Plaintiff's employment; and for a permanent injunction restraining Defendants from discriminating against Plaintiff and others similarly situated on account of disability and race discrimination and retaliating against employees that engage in protected activity.

9.      On n March 19, 2025, within 180 days of the last discriminatory and retaliatory act of which Plaintiff complains, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Exhibit A).

10.     Plaintiff's Notice of Right to Sue was issued by the EEOC to the Plaintiff on September 5, 2025, and Plaintiff has filed suit within ninety (90) days of receipt of his Notice of Right to sue.  (Exhibit B).

11.     Administrative prerequisites for filing suit have been satisfied, and the Plaintiff is entitled to bring this action.

### IV.  STATEMENT OF PLAINTIFF'S FACTUAL ALLEGATIONS AND CLAIMS

### COUNT ONE

### STATEMENT OF PLAINTIFF'S ADA/ADAAA DISCRIMINATION CLAIMS

12.     Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

13.    Plaintiff, James McMullin, is a qualified individual with a disability pursuant to the ADA/ADAAA, and/or has been regarded as disabled by Defendants, and has a disability that limits major life activities.

14.    Defendants were aware of Plaintiff's disability.

15.    Prior to his employment with Defendants, Plaintiff was required to have a kidney transplant.

16.    Plaintiff began working for Defendants in or around 2020, and was employed as the DC manager in Birmingham, Alabama.

17.    In or around 2023, United Pipe became a wholly owned subsidiary of Reliance, Inc., and the work environment began to change and there was a reduction of the number of employees in Plaintiff's department.

18.    Plaintiff's department was shorthanded and as a result, Plaintiff was required to load trucks and perform other hourly employee labor intensive and physically taxing duties that were not his normal duties as the DC manager.

19.    Plaintiff complained to his supervisors about being shorthanded and requested that he be allowed to hire additional employees.

20.    Plaintiff complained that he was having to perform duties outside his position as the DC manager and was performing the duties of hourly positions he was hired to supervise.

21.    Defendants refused to allow Plaintiff to hire employees and Plaintiff

continued to have to perform labor intensive duties that should have been performed by hourly employees.

22.    Plaintiff continued to complain that he needed to hire employees and that he and/or the few employees working under his supervision would be injured as a result of the failure to hire and staff an adequate number of employees, but his requests were repeatedly denied.

23.    On October 21, 2024, Plaintiff again complained to his supervision and complained that he was concerned that he would be injured as a result of Defendants' continued requirement that he perform extreme physical labor outside his job duties because he had a kidney transplant patient and had a kidney transplant several years ago.

24.    Plaintiff explained to Defendants that such extreme physical labor would cause him harm and violate his medical restrictions as a kidney transplant patient.

25.    Plaintiff was able to perform the duties of is DC manager position without accommodation.

26.    Plaintiff requested that he be accommodated and that he not be required to perform the extensive physical labor that was outside his job duties.

27.    Defendants failed to engaged in the interactive process regarding Plaintiff's request for reasonable accommodation and Plaintiff's requests for

reasonable accommodation were denied.

28.    Defendants terminated Plaintiff on October 23, 2024, two days after he complained and requested accommodation, engaging in protected activity.

29.    Plaintiff had no performance issues and was able to perform his job duties.

30.    Defendants terminated Plaintiff because of his disability and/or perceived or regarded Plaintiff as disabled when it made the decision to terminate his employment.

31.    Defendants have subjected Plaintiff to adverse treatment, including termination, with respect to the terms and conditions of his employment because of his disability, and/or perceived disability.

52.    Plaintiff has been terminated in violation of the ADA/ADAAA and a convincing mosaic of evidence exists to show that Defendants .discriminated against Plaintiff.

32.    Defendants' illegal discriminatory, and adverse actions have injured Plaintiff.

33.    Defendants have a habit and/or practice of taking adverse action against employees with a disability or employees they perceive to be disabled.

34.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory

damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

35.    Plaintiff is now suffering and will continue to suffer irreparable injury from Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.    Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the ADA/ADAAA;

b.    Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating the ADA/ADAAA;

c.    Grant Plaintiff an Order requiring Defendants make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT TWO

### STATEMENT OF PLAINTIFF'S ADA/ADAAA RETALIATION CLAIMS

36.    Plaintiff hereby adopts and realleges paragraphs one (1) through eleven (11) herein above as if fully set forth herein.

37.    Plaintiff has a physical impairment which substantially limits one or more major life activities and disability within the meaning of the ADA, as amended.

38.    Defendants were aware of Plaintiff's disability.

39.    At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

40.    Defendants terminated Plaintiff for engaging in protected activity, namely requesting a reasonable accommodation for his disability and/or perceived disability.

41.    Plaintiff's request for an accommodation of his disability and/or perceived disability constitutes protected conduct under the ADA, as amended.

42.    Defendants retaliated against Plaintiff by terminating his employment on the basis of his request for an accommodation.

43.    Defendants terminated Plaintiff's employment within a close temporal proximity to Plaintiff's accommodation requests.

44.    Defendants' proffered reasons for terminating Plaintiff's employment are a pretext designed to hide Defendants' retaliatory motive.

45.    Defendants' retaliatory actions against Plaintiff were in violation of the ADA, as amended,.

46.    a convincing mosaic of evidence exists to show that Defendants retaliated against Plaintiff for engaging in protected activity.

47.    Defendants willfully and wantonly disregarded Plaintiff's rights, and Defendants' retaliation against Plaintiff was undertaken in bad faith.

48.    As a result of Defendants' retaliatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

49.    Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

50.    Defendants discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

51.    Plaintiff has no plain, adequate or complete remedy at law to redress the wrongs alleged herein and this suit for back pay, front pay, compensatory

damages, punitive damages, attorney's fees, injunctive relief and declaratory judgment is his only means of securing adequate relief.

52.     Plaintiff is now suffering and will continue to suffer irreparable injury from the Defendants' unlawful policies and practices as set forth herein unless enjoined by this Court.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that this Court adopt jurisdiction of this action and award Plaintiff the following relief:

a.     Enter a declaratory judgment that Defendants' policies, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by the ADA/ADAAA;

b.     Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating the ADA/ADAAA;

c.     Grant Plaintiff an Order requiring Defendants make him whole by granting appropriate declaratory relief, compensatory damages (including damages for mental anguish), punitive damages, interest, attorney's fees, expenses, costs; and

d.     Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT THREE

**PLAINTIFF'S TITLE VII AND SECTION 1981 RACE DISCRIMINATION CLAIMS**

53.    Plaintiff hereby adopts and incorporates paragraphs one (1) through eleven (11) and as if set forth herein.

54.    Plaintiff began working for United Pipe in 2020, as a DC manager.

55.    In or around 2023, united Pipe became a wholly owned subsidiary of Reliance, Inc., and there was a reduction in the work force.

56.    Plaintiff lost several employees in his department and Plaintiff was then required to perform severe physical labor outside his job duties as the DC manager that are duties of hourly employees.

57.    Plaintiff observed that white managers in the same or similar positions were not required to perform hourly employee physical labor duties.

58.    Plaintiff complained to his supervision on several occasions that he was required to perform hourly employee physical labor duties as a manager when other employees in manager positions were not required to do the same and perform physical labor.

59.    On October 21, 2024, Plaintiff complained that he believed he was being discriminated against because of his race, black, because Defendants were not requiring white managers to perform the same type of hourly employee physical

labor.

60.    Defendants terminated Plaintiff on October 23, 2024.

61.    Defendants treated Plaintiff differently and less favorably than white employees, and a convincing mosaic of evidence exists to show that Defendants discriminated against Plaintiff.

62.    Plaintiff denies engaging in any conduct warranting termination.

63.    Defendants' discrimination of Plaintiff on the basis of his race caused Plaintiff injury.

64.    Defendants have a policy prohibiting workplace racial discrimination; however, Defendants willfully violated this policy and federal laws that prohibit discrimination based on race.

65.    Supervisors and managers employed by Defendants engaged in these unlawful practices and were also aware of these unlawful practices by other employees, yet they encouraged and/or condoned these unlawful practices.

66.    Defendants failed to effectively train their employees on purported antidiscrimination policies and reporting procedures.

67.    Defendants' dissemination of any antidiscrimination policies and reporting procedures has been ineffective.

68.    Defendants knew or should have known of the race discrimination

Plaintiff has been forced to endure.

69.    Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the race discrimination Plaintiff was forced to endure.

70.    Defendants' actions were and continue to be malicious and Plaintiff has been harmed.

71.    Defendants' actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

72.    Defendants' actions are in violation the Title VII and 42 U.S.C. § 1981, as amended.

73.    As a proximate result of Defendants' unlawful discrimination, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

74.    Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court adopt jurisdiction of this action and award him the following relief:

a.    Enter a declaratory judgment that Defendants' policies, habits, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.    Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.    Grant Plaintiff an Order requiring Defendants make him whole by granting appropriate declaratory relief, reinstatement, compensatory damages (including damages for mental anguish), back pay, front pay, interest, attorney's fees, expenses, costs; and

d.    Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## COUNT FOUR

### PLAINTIFF'S TITLE VII AND SECTION 1981 RETALIATION CLAIMS

75.    Plaintiff hereby adopts and incorporates paragraphs one (1) through

eleven (11) and as if set forth herein.

76.    Plaintiff began working for United Pipe in 2020, as a DC manager.

77.    In or around 2023, united Pipe became a wholly owned subsidiary of Reliance, Inc., and there was a reduction in the work force.

78.    Plaintiff lost several employees in his department and Plaintiff was then required to perform severe physical labor outside his job duties as the DC manager that are duties of hourly employees.

79.    Plaintiff observed that white managers in the same or similar positions were not required to perform hourly employee physical labor duties.

80.    Plaintiff complained to his supervision on several occasions that he was required to perform hourly employee physical labor duties as a manager when other employees in manager positions were not required to do the same and perform physical labor.

81.    On October 21, 2024, Plaintiff complained that he believed he was being discriminated against because of his race, black, because Defendants were not requiring white managers to perform the same type of hourly employee physical labor.

82.    Plaintiff engaged in protected activity protected by Title VII and 42 U.S.C. § 1981.

83.     Plaintiff engaged in protected activity when he opposed conduct he believed in good faith was race discrimination by Defendants.

84.     Defendants terminated Plaintiff on October 23, 2024, two days after he engaged in protected activity.

85.     There is a causal connection between Plaintiff protected activity and the adverse actions he suffered, Defendants' termination of his employment.

86.     Defendants' actions were intended to punish Plaintiff for engaging in protected activity as well as to discourage and dissuade further protected activity.

87.     A convincing mosaic of evidence exists to show that Defendants retaliated against Plaintiff for engaging in protected activity.

88.     Plaintiff denies engaging in any conduct warranting termination.

89.     Defendants' retaliatory termination of Plaintiff caused Plaintiff injury.

90.     Defendants have a policy prohibiting retaliation; however, Defendants willfully violated this policy and federal laws that prohibit retaliation.

91.     Supervisors and managers employed by Defendants engaged in these unlawful retaliatory actions and encouraged and/or condoned these unlawful practices.

92.     Defendants failed to effectively train their employees on purported antiretaliation policies and reporting procedures.

93.     Defendants' dissemination of any antiretaliation policies has been ineffective.

94.     Defendants failed to take any prompt and effective action reasonably calculated to result in the prevention of and/or remedy of the retaliation Plaintiff was forced to endure.

95.     Defendants' actions were and continue to be malicious and Plaintiff has been harmed.

96.     Defendants' actions were and continue to be in reckless disregard of Plaintiff's federally protected rights.

97.     Defendants' actions are in violation the Title VII and 42 U.S.C. § 1981, as amended.

98.     As a proximate result of Defendant's unlawful retaliation, Plaintiff has suffered mental anguish, financial loss, loss of career advancement, shame, humiliation, emotional distress, loss of enjoyment of life and other non-pecuniary and pecuniary losses.

99.     Plaintiff seeks declaratory and injunctive relief, and all legal and equitable relief available including back pay, benefits, front pay, interest, attorney's fees and costs, pecuniary and non-pecuniary compensatory damages for loss of career opportunities, humiliation, embarrassment, mental anguish, and any and all

such other relief as the Court deems appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests this Court adopt jurisdiction of this action and award him the following relief:

a.      Enter a declaratory judgment that Defendants' policies, habits, practices and procedures complained of herein have violated and continue to violate the rights of Plaintiff as secured by Title VII of the "Civil Rights Act of 1964," as amended, and 42 U.S.C. § 1981, as amended;

b.      Grant Plaintiff a permanent injunction enjoining Defendants, their Agents, Successors, Employees, Attorneys, and those acting in concert with Defendants or at Defendants' request from violating Title VII of the "Civil Rights of 1964," as amended, and 42 U.S.C. § 1981, as amended;

c.      Grant Plaintiff an Order requiring Defendants make him whole by granting appropriate declaratory relief, reinstatement, compensatory damages (including damages for mental anguish), back pay, front pay, interest, attorney's fees, expenses, costs; and

d.      Plaintiff prays for such other, further, different or additional relief and benefits as justice may require.

## PLAINTIFF DEMANDS A TRIAL BY STRUCK JURY.

<u>s/Cynthia Forman Wilkinson</u>
CYNTHIA FORMAN WILKINSON
State Bar ID No:  ASB-9950-L68C
Attorney for Plaintiff

**OF COUNSEL:**

**WILKINSON LAW FIRM, PC**
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203
Tel.:  (205) 250-7866
Fax:  (205) 250-7869
E-mail: wilkinsonefile@wilkinsonfirm.net

**PLAINTIFF'S ADDRESS**:

Mr. James McMullin
c/o WILKINSON LAW FIRM, PC
1717 3rd Avenue North
Suite A
Birmingham, Alabama 35203


**PLEASE SERVE DEFENDANTS AT THE FOLLOWING ADDRESS:**

United Pipe & Steel Corp., & Reliance, Inc.
CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, AL 36104

IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| JAMES McMULLIN, | ) | |
| | ) | |
| PLAINTIFF, | ) | CIVIL ACTION NO.: |
| | ) | |
| v. | ) | |
| | ) | JURY DEMAND |
| UNITED PIPE & STEEL CORP. AND, | ) | |
| RELIANCE, INC., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

# EXHIBIT A – EEOC CHARGE

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA  ☑ EEOC | and EEOC |

State or local Agency, if any

| Name (Indicate Mr., Ms., Mrs.) JAMES McMULLIN | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|

Street Address | City, State and ZIP Code

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two are named, list under PARTICULARS below.)

| Name Reliance Steel d/b/a UNITED PIPE | No. Employees, Members 300+ | Phone No. (Incl. Area Code) 713-867-0761 |
|---|---|---|

Street Address 13501 Emmett Road | City, State and ZIP Code Houston, TX 77041

| Name | No. Employees, Members | Phone No. (Incl. Area Code) |
|---|---|---|

Street Address | City, State and ZIP Code

DISCRIMINATION BASED ON (Check appropriate boxes(s))
☑ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☑ RETALIATION  ☐ AGE  ☑ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest January 2024  Latest October 2024
☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I began working for the above-named employer approximately five years ago as a DC Manager. As the DC Manager I managed the daily operations of the warehouse. In 2023, Reliance Steel took over ownership of United Pipe and the work environment changed. In late 2023 and in 2024, there was a reduction in the number of employees and my department was shorthanded. Normally there would be at least six employees in my department, but that was reduced to two employees on average. I initially complained that there were not enough employees in my area, but nothing was done to hire more employees. Because my employer would not hire the sufficient number of employees for my department, I was required to load trucks and perform all other labor-intensive duties normally assigned to the employees under my supervision. I continued to complain that I needed more employees in my department and that I was concerned that I was going to get injured and that the warehouse employees were going to get injured. I repeatedly complained in safety meetings and to management. On or about October 21, 2024, I complained that I was concerned that I would get injured or cause harm to myself and to management due to the extreme physical labor I was required to perform that was not my job as DC Manager because I am a kidney transplant patient and had a kidney transplant several years ago. My employer did not engage in any interactive process regarding reasonable accommodation. I was able to perform all of my job duties as DC Manager until I was also required to perform the duties of other positions under my supervision requiring extreme physical labor.

I also noticed that white employees in management positions were not required to perform all the additional hourly labor job duties that I was required to perform. On or about October 21, 2024, I complained to management that I was being discriminated against because of my race.

I was terminated on October 23, 2024, two days after I complained and engaged in protected activity. I believe that I was replaced by a white person. I believe that I have been discriminated against in and terminated in violation of the ADA and Title VII of the Civil Rights Act of 1964. I also believe I have been retaliated against for engaging in protected activity in violation of the ADA and Title VII of the Civil Rights Act of 1964.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Date 3.19.25    Charging Party Signature

NOTARY – When necessary for State or Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)

IN THE UNITED STATES DISTRCIT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

JAMES McMULLIN,                    )
                                   )
            PLAINTIFF,             )
                                   )        CIVIL ACTION NO.:
v.                                 )
                                   )        JURY DEMAND
UNITED PIPE & STEEL CORP. AND,     )
RELIANCE, INC.,                    )
                                   )
            DEFENDANTS.            )

# EXHIBIT B – NOTICE OF RIGHT TO SUE



# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

**Birmingham District Office**
Ridge Park Place
1130 22nd Street South, Suite 2000
Birmingham, AL 35205
Intake Information Group: 800-669-4000
Intake Information Group TTY: 800-669-6820
Birmingham Direct Dial: (205) 651-7020
FAX (205) 212-2105
www.EEOC.gov

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)
### (This Notice replaces EEOC FORMS 161, 161-A & 161-B)

Issued On: 09/05/2025

**To:** Mr. James McMullin

Charge No: 420-2025-02281

EEOC Representative and email:    MICHAEL ALBERT
EQUAL OPPORTUNITY INVESTIGATOR
MICHAEL.ALBERT@EEOC.GOV

---

### NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

The EEOC has granted your request for a Notice of Right to Sue, and more than 180 days have passed since the filing of this charge.

The EEOC is terminating its processing of this charge.

### NOTICE OF YOUR RIGHT TO SUE

This is official notice that the EEOC has dismissed your charge and has issued you notice of your right to sue the respondent(s) on this charge. If you choose to file a lawsuit against the respondent(s) on this charge under federal law in federal or state court, **your lawsuit must be filed WITHIN 90 DAYS of your receipt of EEOC's official notice of dismissal.** You should keep a record of the date you received the EEOC's official notice of dismissal. Your right to sue based on this charge will be lost if you do not file a lawsuit in court within 90 days. (The time limit for filing a lawsuit based on a claim under state law may be different.)

If you file a lawsuit based on this charge, please sign-in to the EEOC Public Portal and upload the court complaint to charge 420-2025-02281.

On behalf of the Commission,

MICHAEL ALBEI    Digitally signed by MICHAEL ALBE
Date: 2025.09.05 09:34:02 -05'00'

For Bradley A. Anderson
District Director

**Cc:**

Michael C Guarino
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
420 20th Street North
Suite 1900
Birmingham, AL 35203

Cynthia F Wilkinson Esq.
Wilkinson Law Firm PC
1717 3rd Ave N
Suite A
Birmingham, AL 35203

Please retain this Notice for your records.